[No. 37437-1-I.    Division One.    April 14, 1997.]

W.R.P. LAKE UNION LIMITED PARTNERSHIP, *Respondent*, v. EXTERIOR SERVICES, INC., *Appellant*.

---

*Randy M. Boyer,* for appellant.

*James H. Hopkins* and *Skellenger, Bender, Mathias & Bender,* for respondent.

BAKER, C.J. — Exterior Services, Inc. (Exterior) asks us to determine whether a mechanics' and materialmen's lien should be released as frivolous and without reasonable cause in the summary proceeding created by RCW 60.04.081[1] based upon disputed assertions that Exterior

---

[1] RCW 60.04.081 states:

"(1) Any owner of real property subject to a recorded claim of lien under this chapter, or contractor, subcontractor, lender, or lien claimant who believes the claim of lien to be frivolous and made without reasonable cause, or clearly excessive may apply by motion to the superior court for the county where the property, or some part thereof is located, for an order directing the lien claimant to appear before the court at a time no earlier than six nor later than fifteen days following the date of service of the application and order on the lien claimant, and show cause, if any he or she has, why the relief requested should not be granted. The motion shall state the grounds upon which relief is asked, and shall be supported by the affidavit of the applicant or his or her attorney setting forth a concise statement of the facts upon which the motion is based.

"(2) The order shall clearly state that if the lien claimant fails to appear at the time and place noted the lien shall be released, with prejudice, and that the lien claimant shall be ordered to pay the costs requested by the applicant including reasonable attorneys' fees.

"(3) If no action to foreclose the lien claim has been filed, the clerk of the court shall assign a cause number to the application and obtain from the applicant a filing fee of thirty-five dollars. If an action has been filed to foreclose the lien claim, the application shall be made a part of that action.

"(4) If, following a hearing on the matter, the court determines that the lien is frivolous and made without reasonable cause, or clearly excessive, the court shall issue an order releasing the lien if frivolous and made without reasonable cause, or reducing the lien if clearly excessive, and awarding costs and reasonable attorneys' fees to the applicant to be paid by the lien claimant. If the court determines that the lien is not frivolous and was made with reasonable cause, and is not clearly excessive, the court shall issue an order so stating and awarding costs and reasonable attorneys' fees to the lien claimant to be paid by the applicant.

"(5) Proceedings under this section shall not affect other rights and remedies available to the parties under this chapter or otherwise."

did not comply with two statutory prerequisites to lien filing. Because a summary proceeding is not intended to substitute for a trial and because an ultimate ruling against a lienor does not make a lien per se frivolous, we hold that the trial court erred in releasing this lien. Moreover, the record does not adequately set forth the trial court's rationale for releasing the lien to allow appellate review. We therefore reverse the release of the lien and remand for its reinstatement.

Exterior also challenges the attorney fees award to W.R.P. Lake Union Limited Partnership (WRP). In light of our holding that the lien release was improper, we reverse the trial court's fee award to WRP and remand for calculation of attorney fees for Exterior both below and on appeal.

## FACTS

WRP is the owner and developer of a multi-use building, which includes parking, commercial space, and 20 residential units. WRP contracted with Western Exterior Siding Specialist (WESS) to provide and install siding, flashing, and downspouts at this building. The contract contained a clause prohibiting assignment of the contract without WRP's express written approval.

When the contract was made, WESS was a sole proprietorship owned by Mark and Desiree Hodgson. Shortly thereafter, Hodgson incorporated, re-registered, and obtained a new bond under the name Exterior. Hodgson maintains that Exterior was the incorporated version of WESS, as evidenced by the fact that Exterior employed all of WESS's employees. WESS notified WRP of the change by letter. WRP did not object to the change in ownership; however, WRP did not give WESS written approval of the assignment of the contract to Exterior.

WRP knew that Exterior was performing the work under the WESS contract, as evidenced by part of WRP's

correspondence that was addressed to Exterior. WRP made four payments under the contract; however, those payments were made payable to WESS. The contract was then terminated based upon allegations of nonperformance.

Within 30 days, Exterior filed a lien for $26,608.38 plus costs and notified WRP of the lien. The lienor was identified as "Exterior Services, Inc. dba Western Exterior."[2] Exterior did not give WRP a notice of a right to claim a lien or a notice to customer before filing the lien.[3]

WRP claimed that the lien was frivolous because it contracted with WESS, not Exterior, and thus Exterior had to serve a notice of its right to claim a lien before filing the lien. WRP demanded that the lien be released, but Exterior refused.

WRP then obtained an order to show cause why the lien should not be released as frivolous and without reasonable cause. WRP argued that (1) WESS and Exterior were different entities,[4] (2) Exterior failed to provide the written notice of its right to claim a lien, which was required because WRP did not contract with Exterior or approve the contract assignment, (3) Exterior failed to provide a notice to customer, (4) Exterior would not be harmed by the release because it had other contractual rights, and (5) the lien was excessive.

Exterior responded that neither notice was required because (1) the change in ownership structure was not equivalent to an assignment, (2) the lien was primarily for labor costs, and (3) the project had more than four resi-

---

[2] Clerk's Papers, at 44.

[3] See RCW 60.04.031(1) (requiring notice of right to claim lien before filing unless certain exceptions apply, including contracting with the owner); RCW 18.27.114(1) (requiring notice to customer before work begins as prerequisite to filing lien in certain circumstances, including when project for over $1,000 has less than five residential units or when a commercial project costs between $1,000 and $60,000).

[4] WRP based this argument on four factors: (1) WESS was a sole proprietorship and Exterior was a corporation, (2) neither WESS nor Exterior registered the other as a trade name, (3) WESS and Exterior used different business addresses, and (4) WESS and Exterior maintained separate contractor registration bonds.

dential units. Exterior also argued that WRP waived its objection to any assignment that may have occurred by not responding to Exterior's letter regarding the change. Exterior also requested attorney fees.

At the hearing, WRP raised additional arguments that (1) notice to customer was required because Lake Union Terrace was a commercial building, (2) WRP's correspondence and dealings were solely with WESS, and (3) WESS insured the project.

The trial court released the lien and awarded WRP attorney fees, without prejudice to any contractual rights. The order does not explain the court's rationale for releasing the lien.

## ANALYSIS

■■ No appellate decision has yet analyzed the procedures to be followed under RCW 60.04.081. The interpretation and construction of a statute is a question of law that we review de novo.[5] In conducting such a review, we construe a statute according to its plain language and give effect to the legislative intent.[6]

This statute creates a summary proceeding in which a property owner may quickly obtain the release of a lien that is frivolous and made without reasonable cause or is clearly excessive.[7] The moving party must provide the court with affidavits setting forth the facts supporting the lien's release.[8] Following a hearing on the motion, the trial court determines whether the lien is frivolous and made without reasonable cause or is clearly excessive.[9]

■■ Exterior analogizes the procedure under this statute to a hearing on a motion for summary judgment and

---

[5]*State v. Parada*, 75 Wn. App. 224, 229, 877 P.2d 231 (1994).

[6]*Parada*, 75 Wn. App. at 230.

[7]RCW 60.04.081, *supra* note 1.

[8]RCW 60.04.081(1), *supra* note 1.

[9]RCW 60.04.081(4), *supra* note 1.

argues that if the lienor raises a material issue of fact, the lien cannot be released. We disagree. The statutory procedure is more in the nature of a trial by affidavit. We believe the Legislature intended to allow a resolution of factual disputes in this summary proceeding. To the extent that the trial court's ruling is based upon a resolution of factual disputes, we will review the ruling to determine whether the factual determinations are supported by substantial evidence, and whether the trial court has made an error of law that may be corrected on appeal.[10] When the record contains no clear resolution of factual disputes, we will accord the decision no deference and proceed with a de novo review in light of the applicable burden of proof.[11]

The trial court here did not enter any findings of fact. Indeed, Exterior argues that the trial court erred by failing to enter an express finding that the lien was frivolous and without reasonable cause. Although the statute contains no requirement for entry of findings of fact and conclusions of law, their use would clearly be preferable for purposes of appellate review. At a minimum, the trial court's reasoning for entering the order should be clearly set out in the order itself.

The trial court did not specifically rule that the lien claim was clearly excessive or was frivolous and without reasonable cause. The trial court's rationale for releasing the lien is not contained in the order, nor is it apparent to us based upon this record. Thus, we review this order de novo.

WRP argues that the trial court correctly released the lien as per se frivolous because Exterior did not prove strict compliance with the statutory prerequisites to lien filing at the show cause hearing. WRP argues that strict

[10]See, e.g., In re Marriage of Stern, 68 Wn. App. 922, 928-29, 846 P.2d 1387 (1993).

[11]Brouillet v. Cowles Publ'g Co., 114 Wn.2d 788, 793, 791 P.2d 526 (1990); Spokane Police Guild v. Liquor Control Bd., 112 Wn.2d 30, 35-36, 769 P.2d 283 (1989).

compliance with all statutory provisions is required because a lien is a statutory derogation of common law.[12] WRP maintains that Exterior had the burden to prove such compliance at the show cause hearing to overcome the presumption of frivolousness. WRP then apparently concludes that noncompliance with any statutory prerequisite renders a lien "frivolous and made without reasonable cause."[13] We disagree with WRP for several reasons.

First, as the party seeking the release of the lien in this summary proceeding, WRP bears the burden of proving that the lien was frivolous and without reasonable cause. In bringing the motion to show cause, WRP had the initial burden of providing a reason why Exterior's lien was frivolous. Once WRP provided a reason, the burden shifted to Exterior to present a prima facie case as to why the lien was not frivolous.

After WRP asserted that the lien was frivolous because Exterior did not comply with two statutory prerequisites to lien filing, Exterior presented Hodgson's declaration supporting its argument that those statutory provisions were inapplicable. Hodgson explained that he incorporated at the advice of his accountant and that the owners and employees remained the same after incorporation. He also explained that neither notice provision was applicable because most of the lien was for labor costs and because the building contained more than four residential units. Exterior attached to the declaration (1) its letter notifying WRP that WESS ceased doing business and became Exterior, (2) correspondence from WRP to Exterior, acknowledging that WRP was doing business with Exterior under the WESS contract, and (3) the insurance certificate that Exterior supplied to WRP to comply with that contract.

---

[12]*Dean v. McFarland,* 81 Wn.2d 215, 219-20, 500 P.2d 1244, 74 A.L.R.3d 378 (1972) (citing *Westinghouse Elec. Supply Co. v. Hawthorne,* 21 Wn.2d 74, 77, 150 P.2d 55 (1944)); *Schumacher Painting Co. v. First Union Management, Inc.,* 69 Wn. App. 693, 698-99, 850 P.2d 1361, *review denied,* 122 Wn.2d 1013 (1993).

[13]RCW 60.04.081(4), *supra* note 1.

Once Exterior made that prima facie showing, the burden shifted back to WRP to prove that the lien was frivolous. Unlike a proceeding for enforcement of a lien, in which Exterior bears the burden of proving that all lien prerequisites were met, the ultimate burden to prove that the lien was frivolous at a show cause hearing to release the lien remains with WRP, the party challenging the lien. WRP did not meet that burden.

■ Second, we do not agree that a determination that any given statutory requirement has not been satisfied necessarily means that the lien filing was frivolous. The statute does not define frivolous. We have, however, defined frivolous in other contexts. In particular, we have held that an appeal is frivolous when it presents no debatable issues and is so devoid of merit that no possibility of reversal exists.[14] A case is not necessarily frivolous because a party ultimately loses on a factual or legal ground.[15] Likewise, for a lien to be frivolous, the decision that the lien was improperly filed must be clear and beyond legitimate dispute.[16] Because this lien presents debatable issues of law and fact, it does not satisfy the requirements of frivolous and without reasonable cause justifying its release in this summary procedure.

Third, disputed issues exist regarding whether, before filing its lien, Exterior was required to comply with the statutory provisions WRP raises. The record does not reveal what rulings, if any, were made by the trial court on these issues, nor any rationale in support thereof. On the inadequate record before us, we cannot say that Exterior's arguments on these issues are meritless.

We decline to decide whether Exterior was required to provide notice of its right to claim a lien (RCW 60.04.031) or whether Exterior was required to provide a notice to

---

[14]*Streater v. White*, 26 Wn. App. 430, 434, 613 P.2d 187, *review denied*, 94 Wn.2d 1014 (1980).

[15]*Streater*, 26 Wn. App. at 435.

[16]*See Streater*, 26 Wn. App. at 435 (applying test to frivolous appeal).

customer (RCW 18.27.114) before filing its lien. We base our decision, rather, on the fact that debatable issues were raised concerning the lien's validity, which precludes a summary release of the lien.

Moreover, the statute's implicit requirement that the trial court make these factual determinations does not turn this summary proceeding into a substitute for a trial on the merits when the facts do not clearly indicate the lien is frivolous and without reasonable cause or is excessive. When legitimate disputes arise regarding whether the lien has been properly filed, trial courts should not rule that the lien is per se frivolous or filed without just cause. We reverse the trial court's release of Exterior's lien and remand for its reinstatement.

Exterior also challenges the trial court's award of attorney fees. Attorney fees are mandatory for the prevailing party under RCW 60.04.081(4). Because the trial court erred in releasing the lien, its award of fees to WRP and its denial of fees to Exterior was improper. We therefore remand for calculation of attorney fees for Exterior both below and on appeal.

Reversed.

BECKER and ELLINGTON, JJ., concur.

After modification, further reconsideration denied April 30, 1997.