[No. 40849-6-I.   Division One.   November 30, 1998.]
LAURA CHRISTENSON, *Appellant*, v. R.L. McDUFFY, ET AL., *Respondents*.

---

[24]RCW 69.50.401(a)(1)(i).

[25]RCW 69.50.435(a).

*Richard Llewelyn Jones* of *Law Offices of Richard Llewelyn Jones, P.S.*, for appellant.

*Bruce R. Bell* of *Bell & Ingram, P.S.*, for respondents.

BECKER, J. — A statute permits an owner of real property to obtain summary relief from a frivolous lien through a show cause hearing. Appellant Laura Christenson had already sold her property when she attempted to use the frivolous lien statute to contest a lien previously placed against the property. Because she was no longer the owner, Christenson lacked standing to proceed under the frivolous lien statute. We affirm the order dismissing her lawsuit.

Laura Christenson retained R.L. McDuffy to assist her in preparing a short plat application to subdivide her property in Marysville. McDuffy sent Christenson a bill when he completed the documents for that work. Christenson recorded the documents, but did not pay McDuffy. McDuffy then filed a lien against Christenson's property in the amount of $2,400.

On March 3, 1997, the day McDuffy filed the lien, Christenson was in the final stages of selling her property. The next day, March 4, she entered into a "Special Indemnity Agreement" with a title company. The agreement provided that the title company would hold $3,600 of the proceeds from the sale of the property until McDuffy's lien was resolved. The agreement had the effect of clearing title to the property. Christenson completed the sale of the property on that day.

On March 7, Christenson filed an application in superior court for an order directing McDuffy to show cause why his lien should not be quashed as frivolous. She asked that title to the property be quieted to Christenson and her successors, and requested attorney fees. In her application, Christenson alleged that McDuffy filed his lien "to extort sums in excess of the amounts agreed by delaying the closing of my sale of the subject property."

After a hearing, the trial court found that Christenson had no standing to proceed with her claim because she was no longer an owner of the real property subject to McDuffy's lien at the time she commenced her action. The court signed an order denying Christenson's application and awarding attorney fees to McDuffy. Christenson appeals from that order. She argues that the trial court misconstrued the frivolous lien statute.

The interpretation and construction of a statute is a question of law that an appellate court reviews de novo. In conducting such a review, the court construes a statute according to its plain language and gives effect to the

legislative intent.[1] Words in a statute should be given their ordinary meaning absent ambiguity or a statutory definition.[2]

▪ RCW 60.04.081, the frivolous lien statute, creates a special summary proceeding in which a property owner may quickly obtain the release of a lien when a court determines the lien is "frivolous and made without reasonable cause, or clearly excessive."[3] The statute provides that a property owner may apply for an order directing the claimant of an allegedly frivolous lien to show cause why relief should not be granted to the owner:

> *Any owner of real property subject to a recorded claim of lien* under this chapter, or contractor, subcontractor, lender, or lien claimant who believes the claim of lien to be frivolous and made without reasonable cause, or clearly excessive *may apply by motion . . . for an order* directing the lien claimant to appear before the court . . . and show cause, if any he or she has, why the relief requested should not be granted.[4]

The frivolous lien statute makes no provision for action by a former owner. Christenson nevertheless argues that the phrase in RCW 60.04.081, "Any owner of real property subject to a recorded claim of lien," includes a person who owned the property at the time the lien was filed. She contends such an interpretation of RCW 60.04.081 is necessary to bring it into harmony with RCW 60.04.051. That statute describes how property becomes subject to a lien. There is nothing in it to suggest that the plain meaning of the word "owner" in RCW 60.04.081 must be interpreted to include a former owner.

Christenson argues in her brief that if the frivolous lien statute does not give standing to former owners, a home-

---

[1]*W.R.P. Lake Union Ltd. v. Exterior Servs.*, 85 Wn. App. 744, 749, 934 P.2d 722 (1997).

[2]*Garrison v. Nursing Bd.*, 87 Wn.2d 195, 196, 550 P.2d 7 (1976).

[3]RCW 60.04.081(4).

[4]RCW 60.04.081(1) (emphasis added).

owner "would never be able to file a bond in lieu of lien claim, under RCW 60.04.161, sell their home and thereafter seek an expedited review of the lien to recover their money." This statement, while true, is hardly a reason to rewrite the statute judicially. RCW 60.04.081, the frivolous lien statute, allows a property owner to clear a lien from the title summarily if it is "clear and beyond legitimate dispute" that the lien was improperly filed.[5] RCW 60.04.161 allows a property owner to clear a lien from the title by posting a bond, leaving any dispute over the correctness or validity of the lien to be resolved on the merits in due course. The fact that there are two distinct statutory procedures does not render the statute as a whole either absurd or internally consistent.

When Christenson filed her show cause application, she was not the owner of the property subject to the lien. Following the plain language of RCW 60.04.081, the trial court properly denied standing to Christenson.

McDuffy requests attorney fees and sanctions against Christenson on appeal. Because the frivolous lien statute provides that attorney fees are mandatory for the prevailing party,[6] that request is granted subject to the conditions of RAP 18.1.

The trial court's order is affirmed.

COLEMAN and BAKER, JJ., concur.

---

[5]*W.R.P. Lake Union Ltd. v. Exterior Servs.*, 85 Wn. App. at 752.

[6]RCW 60.04.081(4); *W.R.P. Lake Union Ltd. v. Exterior Servs.*, 85 Wn. App. at 753.