# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor in interest to NATIONAL CITY REAL ESTATE SERVICES, LLC, successor by merger to NATIONAL CITY, INC. f/k/a NATIONAL CITY MORTGAGE CO. d/b/a ACCUBANC MORTGAGE, | No.  50763-3-II |
| Respondent, | |
| v. | |
| JERRY C. REEVES and JANE DOE REEVES, husband and wife, and their marital community, | UNPUBLISHED OPINION |
| Appellants, | |
| CHARLES C. BABITZKE and MARY LOU BABITZKE, husband and wife, and their marital community; GAYLE REEVES and her marital community; STANLEY C. KENNEDY ENTERPRISES, INC. d/b/a KENNEDY CONSTRUCTION COMPANY AND KENNEDY RESTORATION; SUNTRUST BANK; and JOHN DOES 1-10, | |
| Defendants. | |

JOHANSON, J.  —  Jerry C. Reeves appeals the superior court order denying his motion to

redeem judicially foreclosed real property from PNC Bank, N.A.  First, Reeves argues that he has

a statutory right to redeem the property from PNC as the property owner and the successor in

interest to judgment debtors. Second, Reeves argues he is entitled to equitable tolling of the redemption period. We affirm.

FACTS

Reeves attempted to redeem foreclosed property that the Cowlitz County Sheriff sold to PNC. The redemption period extended from July 29, 2016, the date of the sheriff's sale, to July 31, 2017. However, the sheriff notified Reeves that he had not complied with the redemption statutes and that he should seek a court order if he disagreed. Gravity Segregation, LLC was also seeking to redeem the property from PNC as successor in interest to a junior lien that Charles and Mary Lou Babitzke held against the property.

On July 13, 2017, without having tendered payment of the redemption amount, Reeves filed a motion seeking an order directing the sheriff to allow him to redeem the property from PNC under RCW 6.23.010 and to extend the redemption period by 60 days. In response, PNC did not deny that Reeves was a successor in interest to judgment debtors under RCW 6.23.010(1)(a) and (2). PNC also did not take a position as to whether Reeves or Gravity had a "superior redemption right." Clerk's Papers at 209. Instead, PNC asked the superior court to require either Reeves or Gravity to redeem by tendering the full redemption amount within the statutory redemption period. On July 26, four days before the expiration of the statutory redemption period, the superior court denied Reeves's motion in a written order.

ANALYSIS

Reeves claims that the superior court erred when it denied him the right to redeem the property from PNC as a successor in interest to the judgment debtors. Reeves also argues that the trial court should have equitably tolled the redemption period. We disagree.

I. LEGAL PRINCIPLES

We review interpretations of statutory redemption rights provisions under ch. 6.23 RCW de novo. *See BAC Home Loans Servicing, LP v. Fulbright*, 180 Wn.2d 754, 765-66, 328 P.3d 895 (2014).

Generally, after a foreclosure and sheriff's sale of real property, a statutory right to redeem the property from the purchaser at the sheriff's sale arises under RCW 6.23.010[1] and RCW 6.23.020. *Fullbright*, 180 Wn.2d at 760-61. Redemption rights give a prospective redeemer "a grace period beyond the [sheriff's] sale to salvage . . . 'the land' by purchasing the land at the [sheriff's] sale price, with interest and taxes, from the purchaser." *Fullbright*, 180 Wn.2d at 761.

Parties with the right to redeem foreclosed property must satisfy certain requirements before the sheriff will issue a certificate of redemption in their favor. RCW 6.23.020, .080. Parties seeking to redeem must tender the full redemption amount due to the purchaser under RCW 6.23.020(2) to the sheriff[2] within the applicable statutory redemption period under RCW

---

[1] RCW 6.23.010 provides, in relevant part, that "(1) [r]eal property sold subject to redemption . . . may be redeemed by the following persons, or their successors in interest: (a) [t]he judgment debtor, in the whole or any part of the property separately sold," and that "(2) [a]s used in this chapter, the term[ ] 'judgment debtor' . . . refer[s] also to their respective successors in interest."

[2] RCW 6.23.020(2) provides, as relevant here, that
   [t]he person who redeems from the purchaser must pay: (a) The amount of the bid, with interest thereon at the rate provided in the judgment to the time of redemption, together with (b) the amount of any assessment or taxes which the purchaser has paid thereon after purchase, and like interest on such amount from time of payment to time of redemption, together with (c) any sum paid by the purchaser on a prior lien or obligation secured by an interest in the property to the extent the payment was necessary for the protection of the interest of the judgment debtor or a redemptioner, and like interest upon every payment made from the date of payment to the time of redemption.

6.23.020(1)[3] and submit "evidence of the right to redeem" the foreclosed property under RCW 6.23.080(2) to the sheriff. Generally, the statutory redemption period expires "one year after the date of the [sheriff's] sale." RCW 6.23.020(1)(b).

"It is well established that errors in civil cases are rarely grounds for relief without a showing of prejudice to the losing party." *Saleemi v. Doctor's Assocs., Inc.*, 176 Wn.2d 368, 380, 292 P.3d 108 (2013). "'Error will not be considered prejudicial unless it affects, or presumptively affects, the outcome'" of the civil case. *Saleemi*, 176 Wn.2d at 380 (quoting *Thomas v. French*, 99 Wn.2d 95, 104, 659 P.2d 1097 (1983)).

## II. FAILURE TO TENDER THE REDEMPTION AMOUNT

PNC argues that even if Reeves had a right to redeem the property from it, the superior court's alleged error did not prejudice Reeves because he had not tendered any money to the sheriff. PNC relies on *Saleemi*, 176 Wn.2d at 380, in support of its prejudice argument. Additionally, PNC argues that Reeves was unable to pay the redemption amount, as he indicated at the July 26, 2017 hearing on Reeves's motions when he said, "[M]y lenders have gone away." Answering Br. of Resp't at 16. Reeves argues that he "should not have been required to tender the [redemption amount]." Appellant's Reply Br. at 13. He argues, "[T]endering the necessary funds to the sheriff would have been a useless act" because the sheriff denied his request to redeem and indicated that it was permitting Gravity to redeem the property from PNC. Appellant's Reply Br. at 13. We agree with PNC.

---

[3] RCW 6.23.020(1) provides, as relevant here, that "the judgment debtor [or their successor in interest] may redeem the property from the purchaser at any time . . . within one year after the date of the sale."

Every party seeking to redeem foreclosed property from the sheriff's sale purchaser under RCW 6.23.010 must tender the redemption amount under RCW 6.23.020(2) to the sheriff within the applicable redemption period under RCW 6.23.020(1), absent exceptions not relevant here.[4] The "substantive right of redemption" under RCW 6.23.010 arises when an enumerated party thereunder tenders the redemption amount to the sheriff. *See Millay v. Cam*, 135 Wn.2d 193, 205, 955 P.2d 791 (1998). If there is no tender of the redemption amount within the redemption period, "the purchaser is entitled to a sheriff's deed." RCW 6.23.060; *Performance Constr., LLC v. Glenn*, 195 Wn. App. 406, 410, 418, 380 P.3d 618 (2016).

If "'a sheriff wrongfully refuses to allow any person to redeem, . . . the sheriff may be required, by order of the court, to allow such redemption.'" *Millay*, 135 Wn.2d at 201 (quoting RCW 6.23.070). However, absent equitable exceptions, a person challenging a sheriff's refusal to allow redemption loses the statutory right to redeem foreclosed property if that person does not "'submit[] an adequate payment'" to the sheriff *before* challenging the sheriff's decision or within the statutory redemption period. *Millay*, 135 Wn.2d at 201. If the party challenges the sheriff's decision without tendering the full redemption amount, and the redemption period expires during the pendency of the challenge, the statutory redemption period "will not [be] toll[ed] . . . absent equitable circumstances." *Millay*, 135 Wn.2d at 206. The party seeking to redeem the property "proceeds at his own risk." *Millay*, 135 Wn.2d at 206-07.

---

[4] The exceptions are (1) "the substantial compliance doctrine," which "applies only to statutes [that are] remedial in nature"; and (2) "equitable tolling" of the statutory redemption period "predicate[d on] . . . bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay*, 135 Wn.2d at 204, 206. Reeves does not argue that either exception applies.

The rationale behind this rule is that permitting a judicial action without first requiring the challenging party to tender the redemption amount "encourages financially unqualified [parties] to file suit simply to gain time to obtain adequate financing" to redeem the property. *Millay*, 135 Wn.2d at 203. It "would also undermine the well-settled preference for finality and stability in land title" because title to the property would remain in flux "with little assurance [the challenging party] will subsequently redeem." *Millay*, 135 Wn.2d at 203-04.

Here, it is undisputed that even if Reeves had redemption rights, he did not tender the redemption amount to the sheriff before filing his motion or within the redemption period. Reeves's argument that a tender of the redemption amount would have been a futile act is meritless. Tender of the redemption amount gives rise to the "substantive right of redemption." *Millay*, 135 Wn.2d at 205. Even assuming Reeves was a successor in interest to judgment debtors under RCW 6.23.010(1)(a) and (2), he lost the corresponding right to redeem the property from PNC when he failed to tender the redemption amount before filing his motion or within the redemption period. Therefore, Reeves fails to show how any alleged error was prejudicial such that he is entitled to relief. *Saleemi*, 176 Wn.2d at 380.

## III. EQUITABLE TOLLING

On one hand, Reeves argues that *Millay* is distinguishable because, unlike in *Millay*, he did not file a "declaratory judgment action." Appellant's Suppl. Br. at 1. On the other hand, Reeves argues *Millay*'s equitable tolling exception applies to him because the sheriff and PNC acted wrongfully.

PNC argues that courts may extend the redemption period only under the judicially created equitable exception in *Millay* if "(1) the redemption amount was grossly exaggerated; **and** (2) [the

party seeking to redeem] filed a declaratory relief action within the redemption period."  Resp't's Suppl. Br. at 4-5.  PNC states that "Reeves never disputed the redemption amount . . . and did not file a timely declaratory relief action."  Resp't's Suppl. Br. at 5.  We reject Reeves' equitable tolling argument.

In *Millay*, our Supreme Court addressed two issues relevant to this appeal:  (1) "whether a prospective redemptioner may toll the statutory redemption period by filing a declaratory judgment action without paying the sum required to redeem the property," and (2) "whether [our Supreme Court] should equitably toll the statutory redemption period."  135 Wn.2d at 199, 205.  *Millay* held that (1) "[a] declaratory judgment action will not suffice for payment of the sum required, but [(2)] equitable tolling may apply when the redemptioner in possession submits a grossly exaggerated statement of the sum required to redeem."  135 Wn.2d at 196.

In *Millay*, a party who had previously redeemed from the sheriff's sale purchaser submitted a statement to the sheriff claiming that the party seeking to redeem the property as a successive redeemer would have to pay an amount "nearly twice what had been due two months earlier."  135 Wn.2d at 197.  The party seeking to redeem "filed a declaratory action rather than paying the requested redemption price on the last day of the redemption period."  *Millay*, 135 Wn.2d at 197-98.

Our Supreme Court held that the redemption statutes "do[] not allow a declaratory judgment action to substitute for actual payment of the redemption price" "within the . . . redemption period," as required by the redemption statutes.  *Millay*, 135 Wn.2d at 199, 203.  *Millay* reasoned that courts "may not amend [the redemption] statute[s] by allowing a prospective

redemptioner to toll the [statutory redemption] period by paying some, rather than all, of the amount required to redeem." 135 Wn.2d at 203.

As relevant here, our Supreme Court then held that "the statutory redemption period may be equitably tolled when the redemptioner in possession submits a grossly exaggerated statement of the sum required to redeem and the prospective redemptioner cannot with due diligence ascertain the sum required to redeem within the time remaining." *Millay*, 135 Wn.2d at 206. *Millay* noted that the holding "requires more than good faith on the prospective redemptioner's part" and that they "must file the declaratory action within the redemption period for [equitable] tolling to apply." 135 Wn.2d at 206. However, because the record did not reflect whether the redemptioner in possession had "submitted a grossly exaggerated or fraudulent statement" of the redemption amount owed, our Supreme Court "remand[ed] for a factual determination of whether equitable tolling applie[d]." *Millay*, 135 Wn.2d at 207.

Here, however, Reeves did not claim that the redemption amount was grossly exaggerated, so even if Reeves's motion was deemed the equivalent of a declaratory action, Reeves is not entitled to *Millay*'s tolling provision relating to a "grossly exaggerated" redemption amount. 135 Wn.2d at 207.

Second, Reeves's argument that the sheriff or PNC acted wrongfully, without more, is insufficient to meet his burden of showing "bad faith, deception, or false assurances" and that equitable tolling would be consistent with the purpose of the redemption statutes. *Millay*, 135 Wn.2d at 206. The record is devoid of any evidence that the sheriff or PNC acted with "bad faith, deception or false assurances." *Millay*, 135 Wn.2d at 206. Therefore, we reject Reeves's argument

that the equitable tolling exception to the requirement that he tender the redemption amount within the redemption period, under *Millay*, applies here.

IV. CONCLUSION

Even if Reeves was a successor in interest to judgment debtors, the superior court's alleged error in denying Reeves's motion to redeem from PNC did not prejudice Reeves. Reeves lost any redemption right he possessed when he failed to tender the redemption amount before filing his motion or within one year of the foreclosure.

V. ATTORNEY FEES

PNC requests attorney fees and costs under RAP 18.1 and *Gray v. Bourgette Construction, LLC*, 160 Wn. App. 334, 345, 249 P.3d 644 (2011), in the event it prevails. PNC argues that it is entitled to attorney fees and costs under the terms of the 2001 note and deed of trust the Babitzkes executed in PNC's favor because Reeves asserts that he is a successor in interest to the Babitzkes. PNC relies on RCW 4.84.330 and *Boyd v. Davis*, 127 Wn.2d 256, 264, 897 P.2d 1239 (1995), in support.

RCW 4.84.330 provides that the prevailing party in a contract action is entitled to attorney fees where the contract authorizes such an award. Under *Boyd*, "'[a] provision in a contract providing for the payment of attorneys' fees in an action to collect any payment due under the contract includes both fees necessary for trial and those incurred on appeal.'" 127 Wn.2d at 264 (quoting *Granite Equip. Leasing Corp. v. Hutton*, 84 Wn.2d 320, 327, 525 P.2d 223 (1974)).

Here, PNC has not established that it is entitled to fees from Reeves under the Babitzkes' deed of trust. We therefore decline to award PNC's request for fees under the Babitzkes' 2001 deed of trust.

9

No. 50763-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.